O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET WILLIAMS,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. CV 09-07594 RZ<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff makes three challenges to the Social Security Commissioner's decision denying her disability benefits. The Court finds the first challenge incomprehensible. So far as the Court can tell, the Administrative Law Judge did not err in adopting limitations on Plaintiff's ability to function, based on the evaluation by a consultant. The Court simply does not follow Plaintiff's argument in this respect.

    The Court also finds that the Administrative Law Judge acted within the law in determining that Plaintiff's testimony was not fully credible. The fact of conservative treatment, observations of the Administrative Law Judge at the hearing, and the ability of Plaintiff to take care of six children — even older children — are all factors the Administrative Law Judge properly could consider in determining that Plaintiff's pain was not as obstructive as she said it was. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*).

However, the Administrative Law Judge erred in not discussing the report submitted by Plaintiff's mother. The Ninth Circuit has stated that lay testimony must be considered, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The Commissioner made no comment about Plaintiff's mother's report, and thus violated the requirements of the law as explicated by the Ninth Circuit.

It is possible that this doctrine concerning lay witnesses applies just to *testimony*, and not to lay reports. After all, if a person does not testify, she is not subject to examination, and the ordinary techniques of evaluating credibility, *see Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989), accordingly are not available to the same extent. While that is a plausible construction of the doctrine, the definition of "evidence" in Social Security proceedings is quite broad, *see* 20 C.F.R. § 404.1512(b), and the cases have referenced unsworn lay reports as well as sworn testimony. *See, e.g.*, *Dodrill,* 12 F.3d at 918-19. Thus, the Court cannot say with confidence that the doctrine is limited to lay testimony alone.

The Commissioner argues, however, that the failure to discuss Plaintiff's mother's comments was not error because the mother's statement was similar to that given by Plaintiff herself and, since the Administrative Law Judge found Plaintiff's testimony not fully credible, he would have rejected the information from Plaintiff's mother as well. (Defendant's Memorandum in Support of Answer at 5-6.) The Commissioner cites *Valentine v. Commissioner*, 574 F.3d 685, 694 (9th Cir. 2009), for this view, but the case does not support the proposition; in *Valentine*, the Administrative Law Judge in fact stated that he rejected the lay witness testimony. *Id*.

Likewise unavailing is the Commissioner's citation of *Howard ex rel Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003), which the Commissioner relies on for the proposition that an Administrative Law Judge is not required to discuss every piece of evidence, and specifically is not required to address evidence that is neither significant nor

probative. This begs the question; for if the evidence is significant or probative, then the Administrative Law Judge in fact must address it.

Plaintiff's mother's report clearly is significant and probative. The mother said that Plaintiff mostly stayed in bed while complaining of severe pain, that Plaintiff had difficulty standing, did not have full use of her hands, and needed help with some basic personal needs, such as getting dressed. [AR 233-40] If these statements are believed, then the information is quite pertinent to Plaintiff's ability to work. Under *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006), "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." 454 F.3d at 1056. If the mother's report is fully credited, then this Court cannot say with confidence that the ultimate disability determination would have been the same. The report would have to be, in some way, discredited for that to happen. But, as the *Stout* court itself stated, a reviewing court cannot assume that the Administrative Law Judge would have discredited the lay statement, for the reviewing court can evaluate only the decision that the Administrative Law Judge actually made, not the decision that he might have made. 454 F.3d at 1054. The Administrative Law Judge's error cannot be overlooked as harmless.

In accordance with the foregoing, therefore, the Commissioner's decision is reversed. The matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: August 2, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE